HARRY HORWITZ, Respondent, *v.* THE EQUITABLE MUTUAL INSURANCE COMPANY, Appellant.

40  557
38a 127
40  557
63a  92

*Insurance—Double Insurance—Notice—Estoppel.*—The policy sued on contained a clause providing that if the insured should procure any other insurance, and should not with all reasonable diligence give notice to the company, and have the same endorsed on the policy or otherwise acknowledged in writing, that the policy should cease and be of no further effect. The application for insurance was made for $10,000; the agent of the defendant stated that by its rules the company could take but $5,000 on any one risk, and offered to procure the insurance for the remaining $5,000; which he did the next day, and notified the defendant, which did not object. The premium was subsequently paid and the policy delivered. *Held,* that it was the duty of the company, upon being notified by its own agent of the additional insurance, to endorse the same upon the plaintiff's policy or to notify him of the refusal of the risk, and that, having failed so to do, it was estopped from setting up as a defence the failure to have such additional insurance endorsed upon the policy.

*Appeal from St. Louis Circuit Court.*

*Mason* and *Voorhis*, for appellant.

I. The policy itself as well as the conditions annexed to it, and as well also the covenants of the application for the policy, make the notification of a subsequent insurance; and the endorsement thereof on the policy, or an otherwise ac-

knowledgment by the defendant in writing, a promissory warranty. These stipulations were therefore a condition precedent to any right of recovery on the policy—Hutchinson v. Western Ins. Co., 21 Mo. 97 ; Dietz v. Mound City Mut. Fire & L. Ins. Co., 38 Mo. 85 ; 14 N. Y. 418 ; 9 Cush. 470 ; 11 Cush. 265 ; 12 Cush. 144 ; 6 Gray, 189.

Had the plaintiff informed the officers of the defendant that he had acquired the subsequent insurance, but failed to present his policy for the endorsement of the same thereon, or have the acknowledgment of consent thereto in writing, the defendant would not be estopped to plead the defence set up in this case. The endorsement upon the policy, or the acknowledgment of the defendant in writing otherwise, was a condition precedent without which the plaintiff could not recover—Carpenter v. The Prov. Ins. Co., 16 Pet. 512 ; Barrett v. Union Mut. F. Ins. Co., 7 Cush. 178 ; 1 Phil. on Ins. 477 ; also cases cited above.

*Sharp & Broadhead*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought to recover the sum of five thousand dollars insurance on a policy, executed and delivered by the defendant to the plaintiff, covering a certain stock of foreign and domestic liquors. The policy contained this clause : " If the said insured or assigns shall hereafter make any other insurance on the same property, and shall not with all reasonable diligence give notice thereof to this company, and have the same endorsed on this instrument or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect." The defence relied upon was, that, after the issuance of the policy by the company, the insured procured further insurance without notifying the company of the fact or having it endorsed upon the policy.

The facts, as they appear from the record, are, that one Berg, who was the agent for the defendant, went to the plaintiff's office, and the plaintiff informed him that he wanted

insurance for $10,000 on his stock of liquors. Berg told plaintiff that his company never took more than $5,000 on any stock of goods, but that he would get the other $5,000 in some other company. Plaintiff then signed the application which was made out by the agent Berg, and the premium was agreed upon for the whole $10,000 if he should effect the other insurance. Berg then took the application and handed it in at the office of the company, and informing the company at the same time that he had agreed to get $5,000 more, as the plaintiff wanted $10,000. To this it does not appear that the company made any objection, but accepted the risk, issued the policy, and received the premium. The next day, in compliance with his agreement, Berg effected the additional $5,000 insurance in the Western Insurance Company, and told the president and secretary of the defendant that he had succeeded in getting the remaining insurance for the plaintiff. The policy issued by the defendant was delivered to plaintiff in an envelope, which he never opened till after the loss occurred by fire, and no endorsement of approval was ever made on it by the defendant.

The defendant asked the court to declare the law to be, that, under the evidence in the case, " it was the duty of the plaintiff, upon the procurement of additional insurance, to have so informed the defendant, with a view of giving actual notice thereof and of obtaining its consent thereto by writing, by endorsement upon the policy, without which the plaintiff cannot recover." The court gave the declaration, but appended the following addition : " But if defendant was notified that its own agent was procuring the additional insurance of $5,000 for plaintiff, and that after it was obtained said agent notified the defendant of the fact, then it was the duty of the defendant to endorse such additional insurance on the plaintiff's policy, or to notify plaintiff of its refusal to do so ; and until such refusal was notified, the defendant is estopped from setting up as a defence that such additional insurance was not endorsed on its policy."— The judgment was for the plaintiff.

Where the terms of a policy provide that it shall be void in case of any other insurance not mentioned in or endorsed upon the policy, or in case of any subsequent insurance without notice to the insurer and endorsed upon the policy, or the notice acknowledged in writing, such stipulations have uniformly been held as conditions precedent to any right of recovery on the policy—Hutchinson v. Western Ins. Co., 21 Mo. 97; Deitz v. Mound City Mut. F. & L. Ins. Co., 38 Mo. 85. But it is not questioned that the conditions may be waived by the company, and such waiver may be made as well by acts as by positive declarations. The company may also be estopped under certain circumstances where, by a course of dealing, or its open actions, it has induced the insured to pursue a policy to his detriment. Now, what were the terms of the contract? Why that the plantiff wanted $10,000 insurance on his stock, and that defendant's agent agreed to procure it for him. This agreement was notified to the company and no objection was made; its own rules or custom forbade it taking more than $5,000, but it was the common practice, in negotiating for policies, for the agent to get what was wanted above that amount in other companies. The company knew that the agreement made by its own agent was for $10,000, and it also knew that he had obtained the additional $5,000; the whole matter formed one continuous transaction, and while a mere verbal notice given by a party other than the insured would not be a sufficient compliance with the conditions, yet here it entered into the contract so palpably, with the implied assent and acquiescence of the company, that to hold it not bound would be sanctioning the most manifest injustice. By the express agreement, of which the company was entirely cognizant, the insured was lulled into security, having an abiding confidence that his contract would be carried out in good faith. It is very true that a written contract should not be altered, varied, or impaired, by parol evidence; but this rule only applies where the writing constitutes the mutual agreement of the parties. When the policy was issued, the company was apprised of

the agreement that its agent had made; and when the agent secured the further insurance, carrying out the whole contract, it did not repudiate the transaction, or offer to cancel the policy. Under the circumstances, if it did not intend to be bound, it was its duty to speak and act.

This case differs essentially from those cited in the books, where the only questions were as to the validity of the notice. The defendant received the premium with a full knowledge of all the facts, and it ought not to be permitted to gainsay its acts when it will have the effect of defrauding the other contracting party.

Let the judgment be affirmed. The other judges concur.