JOHN FRANKLIN, Appellant, *v.* THE ATLANTIC FIRE INSURANCE COMPANY, Respondent.

1. *Fire Insurance Policy — Evidence.* — Where no written application is required as a condition for the issuing of a policy of fire insurance, and the policy contained a condition that "if the interest of the assured in the prop-

Franklin v. The Atlantic Fire Ins. Co.

erty be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company and so expressed in the written part of the policy, otherwise the policy would be void," and it appeared that at the date of the policy the plaintiff assured owned only an undivided half-interest in the property insured, and that there were encumbrances upon it, neither of which facts was expressed in said policy: *held*, that it was competent for the assured, in case of loss, to prove that, before the policy was delivered or the premium paid, the plaintiff informed the agent of the company of the condition of the title and encumbrances.

2. *Insurance Policy — Estoppels.*— *Held*, also, that where the agent of a foreign insurance company, whose policies contained the above-mentioned conditions, before issuing the policy or receiving the premium, being duly notified by the assured that his interest in the property was not entire, unconditional, and sole, and that there were encumbrances upon the property, failed to duly express these facts in a policy prepared by himself, and delivered it to the assured, saying that "it made no difference; it was all right," or words to that effect, and received the premium, the act of the agent was such a waiver of the conditions named as would amount to an estoppel *in pais*.

3. *Foreign Insurance Companies — Agents.*— Foreign insurance companies are bound by the acts of their local agents, acting within the scope of their general authority, without any immediate knowledge of the transaction on the part of the company.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Harding & Crane*, for appellant.

I. The court below erred in refusing to allow the plaintiff to introduce the evidence offered. This evidence was competent to show that, prior to the contract being entered into, the defendant had waived a compliance with the third condition of the policy,* so that this condition never became a part of the contract. Such a waiver may be by parol or acts *in pais*. (Carroll v. Charter Oak Ins. Co., 38 Barb. 402, and authorities there cited; same case, 40 Barb. 292; Goit v. National Protection Co., 25 Barb. 189; Ripley v. Ætna Ins. Co., 29 Barb, 552; Atlantic Ins. Co. v. Goodall, 9 Foster—29 N. H.—182; Hallock v. Insurance Co., 2 Duch. 268; Boehen v. Williamsburgh Ins. Co., 35 N. Y. 131; Bersche v. Globe Ins. Co., 31 Mo. 546.) It was the fault of

---

* Referred to in the opinion of the court.

the agent of the defendant that the proper statement was not made on the face of the policy, and the plaintiff should not be prejudiced by the omission. (Rowly v. Empire Ins. Co., 36 N. Y. 550 ; Post. v Ætna Ins. Co., 43 Barb. 351.)

*Ladue & Birge*, for respondent.

I. The court properly rejected the evidence offered to show " that before the policy was delivered and premium paid, the company's agent was informed of the existence of encumbrances." This was merely an attempt to vary the written policy by parol evidence, by showing that the parties abandoned one of the conditions of the policy ; in other words, that they made a different contract than the one in evidence before the court. (Phil. on Ins., vol. 1, pp. 49, 50, 51, 81, vol. 2, p. 680 ; 14 Mass. 15 ; 1 Taunt. 115 ; 21 Conn. 19–36 ; 1 Hall, 452 ; 23 Mo. 80.)

II. The only occasion for admitting such evidence arises, if ever, in an equitable action brought to reform the policy for fraud or mistake in executing it. It is not competent evidence in a suit at law. (23 Mo. 80–5 ; 2 Cranch, 419 ; 17 Mo. 247, 257.)

III. Even if this evidence had been admitted, " that verbal notice was given to the agent of existing encumbrances," still the policy required that it should be " indorsed thereon," and this provision is a condition precedent, and would defeat recovery. (21 Mo. 97–104 ; 16 Pet. 512 ; 17 Mo. 247–257.)

IV. By the terms of defendant's policy, one of its agents evidently had no power to waive the conditions in its issued policies. The condition itself was notice to the plaintiff of the agent's inability to waive it. Moreover, this agent is charged in the pleadings with having conspired with the plaintiff to defraud his principal, the defendant in this case. Under such circumstances his admissions could not be admitted to bind his principal. (17 Mo. 247.)

HOLMES, Judge, delivered the opinion of the court.

The plaintiff sues upon a policy of insurance issued by the Atlantic Fire Insurance Company of Brooklyn, New York, through its agent at St. Louis. The insurance was upon household furniture, against loss by fire.

It does not appear that any written application for insurance was required.

The policy contained a condition that, " if any person effecting insurance in this company shall make any misrepresentation or concealment touching the risk to be assured," the policy should be void; and also another, that "if the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company and so expressed in the written part of this policy, otherwise the policy shall be void."

The defendant offered evidence tending to prove that, at the date of the policy, the plaintiff owned only an undivided interest of one-half in the property insured, and that there were two encumbrances on the property by deeds of trust executed by the plaintiff's grantor.

In rebuttal, the plaintiff proposed to show that after the policy had been made out, but before it was delivered or the premium paid, the plaintiff had informed the agent of the company that he was only a part owner of the property, and that the same was encumbered as aforesaid, and that the agent then said " it would make no difference; it was all right," or words to that effect.

This evidence was excluded, and the plaintiff took a non-suit.

The only material question in the case is, whether this evidence was admissible.

By the general law of insurance, the interest of the assured in the property is not required to be specifically described in the policy. This matter was not in itself of the nature of a misrepresentation touching the risk to be assumed.

It did not regard the situation or character of the property. It became important only by virtue of the condition which required that, if the interest were any other than the entire, unconditional, and sole ownership, it should be so represented to the company and so expressed in the policy. The object of this clause was, doubtless, to protect the company against the danger of taking risks on the property insured for so large an amount in proportion to its value, or the value of the interest of the assured, as to

furnish a temptation to fraudulent conduct. This evidence would show that the fact was truly represented, and then there would be no misrepresentation in respect of that matter. It was further required that it should be so expressed in the written part of the policy; and this was not done. If it had been done it would have amounted to an express warranty; and it was provided that if it were not so done the policy should be void. Now, it was plainly the duty of the agent to have this thing done. It was his business to receive the application and draw up the policy in proper form. He was placed by the company in the office of the agency at St. Louis, with full authority to receive applications and issue policies in the name of the company; and the defendant must be held bound by all his acts and doings within the scope of his authority.

The actual state of the case, then, is that the agent receives a verbal application for insurance, and, before the policy takes effect by delivery, the interest of the assured in the property is truly stated to his satisfaction, by which his attention is called to the circumstance that the specific character and extent of the interest ought to be expressed in the written instrument, and he answers "it will make no difference; it is all right," receives the premium and delivers the policy. The policy is accepted and the premium is paid on the faith of this assurance. The party insured goes away relying upon its validity to protect him against loss during the time specified. He acts upon a state of things represented to him by the agent to be sufficient, and it would work a fraud upon him if the company should now be allowed to avail itself of this defense. If no disclosure of the nature of his title and interest had been made, or if he had fraudulently concealed it and then accepted this policy, the misrepresentation being of a matter material to the risk which the company had intended to assume, it would have amounted to a clear breach of warranty. This would have been a fraud upon the company, and the policy would have been void. Upon the facts which the plaintiff proposed to prove, such would not be the case, but the fraud would lie with the other party, and we think the matter would come within the principle of the authorities on the doctrine of

estoppel *in pais*. It would amount to a waiver of the condition requiring this matter to be inserted in the policy prior to the completion of the contract.

This principle was applied in Horwitz v. The Equitable Ins. Co., 40 Mo. 557, upon a similar state of facts. In that case, it is true, the action of the agent was directly made known to the officers of the company, who made no objection; but that only made the waiver and authority of the agent more clear. In this case the agent was acting within the scope of his general authority, and the company must be held equally bound by his action without any immediate knowledge of the transaction. They were responsible for his acts in the premises.

The same doctrine was applied in Rowley v. The Empire Ins. Co., 36 N. Y. 550, in which an analogous state of things was presented. There was a policy containing a valid contract of insurance; the agent had surveyed the property for himself, and induced the applicant to sign a written application which he had drawn up and represented to be correct, but which was materially erroneous in reference to the position of the buildings insured; and the company was held to be estopped from showing a breach of warranty in respect of that matter. The agent had authority to take applications and issue policies, and the company was not allowed to set up the errors of its own agent to defeat the contract.

There is manifest justice in the application of the principle to a case like this. These foreign insurance companies may justly be held bound, to the fullest extent the law will allow, for the acts of their agents appointed to represent them in these agencies abroad. Parties dealing with them are induced to rely upon them as having competent authority for the transaction of the whole business which they undertake. If the agent abuses the confidence reposed in him by his employers, they must look to the agent. The law will protect the companies against frauds, misrepresentations, and breaches of warranty, but it will not lend its aid to support defenses founded upon their own errors or omissions, when they have received the premium, delivered a complete and valid policy, and lain by without objection until a loss

30—VOL. XLII.

has happened ; it will not help them to accomplish a fraud upon
the assured.   For these reasons we think the evidence should
have been admitted.   Some points were made, also, upon the right
of the plaintiff to sue upon the policy, but we have not found any
other error in the action of the court below.

Judgment reversed and the cause remanded.   The other judges
concur.