Combs v. Hannibal Savings and Insurance Co.

---

### H. L. & E. W. COMBS, Respondents, v. HANNIBAL SAVINGS AND INSURANCE COMPANY, Appellants.

1. *Insurance, Fire—Application — False representations and warranties — Agency.*—Where an action on a fire-insurance policy was resisted, on the ground of false representations and warranties, in that the application of plaintiffs stated their title to the insured property to be an unencumbered fee simple, whereas it was in fact only an encumbered equitable title, testimony was competent showing that plaintiffs, before their application was drawn up, submitted to the inspection of the agent of the insurance company their title paper, being a bond for a deed on which a balance of one hundred dollars was then unpaid, and that the agent thereupon filled up the application in his own language, saying that it was "all right;" and that they, believing it to be so, signed the application without being aware of its peculiar phraseology, or that the answers "fee simple" and "no encumbrances" were in it. In this case the acts of the agent were the acts of the company, and his knowledge was theirs. And having taken the risks under such circumstances, knowing the facts, they cannot come in, after a loss has occurred, and avoid the policy by disproving the truth of their own statements, as contained in the application.

2. *Insurance, Fire — Application filled up by agent, how treated.*— Such statements respecting plaintiffs' title, so inserted in the application for insurance, may be regarded as an expression of the opinion of the parties as to the

practical result of plaintiffs' title bond, and of a mutual understanding and agreement between them to consider and treat the title as a fee simple or its equivalent for the purpose of the insurance contract.

3. *Insurance Companies — Agent — Authority.*— The authority of the soliciting agent of an insurance company to take applications for insurance carries with it the legal implication of authority to fill up the application and do all those things which may be needful in perfecting it.

### *Appeal from Fourth District Court.*

*Williams, Jones, Brown,* and *D. A. McMillan,* for appellants.

I. The contract of insurance in this case was conditional. It provides, in express terms, that "if the interest of the assured be any other than the entire, absolute, unconditional, and sole ownership of the property, both at law and in equity, it must be so represented to the company in the written portion of this policy, and such interest correctly described, otherwise the company shall not be liable by virtue of this policy." The policy being conditional, and the condition broken, the policy is void. If plaintiffs are induced to make such a contract by fraud of defendants, they may repudiate it or have their remedy against the party by whom they are defrauded. But they cannot sue and recover upon a different contract from the one actually made. (Tebbetts v. The Hamilton Mut. Ins. Co., 3 Allen, 569; Brown v. The Cattaraugus Co. Mut. Ins. Co., 18 N. Y. 390.)

II. Parol proof is inadmissible to prove representations made at the time of making application. (2 Denio, 81; 4 Hill, 340–4; 2 Pars. Cont. 422; Ins. Digest, 299; 2 Caines, 155; 13 Mass. 96; 30 N. Y. 162; 38 Mo. 92; Cow. & H., notes 1463–70, 1397; 23 Barb. 656.)

III. In writing the application, Rust was the agent of plaintiffs, and they are bound by his acts. (6 Cush. 42; 9 Cush. 470–3; 3 Grey, 583; 1 Phil. Ins. § 867; 4 R. I. 141; 25 Barb. 497; Sto. Cont.)

*Prewett, Hall & Reed,* for respondents.

I. Plaintiffs had a right to show that the agent of the defendants made out the application for plaintiffs, and falsely inserted

therein, without their knowledge, statements which they had not made, and fraudulently induced them to sign an application different from the one they intended to make.

IV. The defendants are bound by the fraudulent acts of their agent. (Howes v. Columbia Co. Ins. Co., 18 Ohio 120 ; Boggs & Luther v. American Ins. Co., 30 Mo. 70 ; Loehner *et al.* v. Home Mut. Ins. Co., 17 Mo. 256 ; Harvard Fire Ins. Co. v. Brown, 23 Penn. 56 ; Hough v. City Fire Ins. Co., 29 Conn. 19 ; Gaylord *et al.* v. Lamar Fire Ins. Co., 40 Mo. 16 ; Protection Ins. Co. v. Harmer, 2 Ohio St. 467 ; Rowley v. Empire Ins. Co., 36 N. Y. 550 ; Horwitz v. Equitable Ins. Co., 40 Mo. 557 ; Franklin v. Atlantic Fire Ins. Co., 42 Mo. 456 ; Plumb v. Cattaraugus Ins. Co., 18 N. Y. 392 ; Masters v. Madison County Ins. Co., 11 Barb. 630.)

CURRIER, Judge, delivered the opinion of the court.

This action is based on a fire policy for $1,000, issued by the defendants September 24, 1866, insuring to the plaintiffs a frame building and some personal property contained therein. A recovery is resisted on the ground of false representations and warranties, in this : that the plaintiffs, in their application, represented their title to the insured property to be an unencumbered fee simple, whereas it was in fact only an encumbered equitable title. The application, which was read in evidence on the trial, contained the following questions and answers, namely :

" Question 10. What is the title ? Answer. Fee simple.

" Question 11. Is your property encumbered, by what and to what amount ? Answer. No."

In reply to this matter set up in the answer, the plaintiffs alleged in substance that, on the occasion of making the application, they fully apprised Rust, the defendants' soliciting agent, of the true state of the title, and that he thereupon filled up the application in his own language, assuring the plaintiffs that it was all right ; and that they, believing it to be so, signed the application without being aware of its peculiar phraseology, or that the words " fee simple " and " no encumbrance " were in it.

On the trial testimony was given, under objections made to its

competency by the defendants, tending to prove these averments, and tending to show that Rust, as the defendants' agent, solicited the insurance; and that plaintiffs, before the application was drawn up, submitted to his inspection their title paper, being a bond for a deed, on which a balance of $100 was then unpaid. Under instructions appropriate to the evidence, the jury returned a verdict for the plaintiffs.

Rust was the agent of the defendants in soliciting insurance business, but there was no evidence as to the precise scope of his authority, beyond what already appears. Assuming that he acted as the agent of the defendants in filling up the application, and did not therein exceed his authority, it follows that his acts were the acts of the defendants, and that they are bound by what he did as though done by themselves, and that his knowledge is theirs. Having, then, taken the risk under the circumstances stated, knowing the facts, does it lie with them to come in now, after a loss has occurred, and avoid the policy by disproving the truth of their own statements as contained in the application? We think not. In our view, the doctrine of estoppel *in pais* is applicable to the case, and ought to be applied as in the case of Plumb v. Cattaraugus Mutual Insurance Company, 18 N. Y. 392, where it is held that the "insurer is estopped from showing a breach of warranty by proof of errors material to the risk in the survey and application," when the survey and application were made by the agent of the insurer, with a full knowledge of the facts. The doctrine of this case is fully sustained by a subsequent decision of the same court in Rowley v. Empire Insurance Company, 36 N. Y. 550. See also Horwitz v. Equitable Insurance Company, 40 Mo. 557, and Franklin v. the Atlantic Insurance Company, 42 Mo. 456.

It is equally to the purpose, perhaps, to regard the statements in the application respecting the plaintiffs' title as an expression of the opinion of the parties as to the practical result of the plaintiffs' title bond, and of a mutual understanding and agreement between them to consider and treat the title as a fee simple or its equivalent for the purpose of the insurance contract. This view was taken in Hough v. City Fire Insurance Company, 29

Conn. 10, where the court held that parol testimony conducing to show such an understanding was properly admitted, the testimony thus admitted being the fact that the assured gave the agent true and full information as to his title, and that the agent drew up the application in his own language. To the same effect is the adjudication in Peck v. New London Mutual Insurance Company, 22 Conn. 575.

Regarding the agency of Rust, for whom is he to be considered as acting in writing out the application? And is this a question of fact to be passed upon by the jury, or a question of law to be determined by the court upon the facts appearing in the record? In Hough's case, 29 Conn., the question as to the scope of the agent's authority was submitted to the jury upon evidence not materially different from that in the present suit. The Supreme Court of Connecticut approved that course. But in the case of Rowley v. The Empire Insurance Company, 36 New York, the New York Court of Appeals takes the ground that the soliciting agent's authority to "take applications for insurance" carried with it the legal implication of authority to fill up the application and do all those things which may be needful in perfecting it; and the court says that it is neither a "harsh nor unreasonable rule in reference to insurance companies to hold that their agents, authorized to take applications for insurance, are acting within the scope of their authority in everything which they do which may be necessary to complete such applications." These views commend themselves to our favor as having a satisfactory legal basis, and as being sustained by just considerations of public policy.

The soliciting agents of insurance companies swarm through the country, plying the inexperienced and unwary, who are ignorant of the principles of insurance law and unlearned in the distinctions that are drawn between legal and equitable estates. When the disclosure respecting the solicited risk is frank and full, and the insurance company accepts it and appropriates the premiums, and a subsequent loss occurs, the indemnity contracted for, so far as the incidents of the original contract are involved, should be fairly met and realized to the

assured.    Courts will not look with favor upon ingenious devices
to escape just responsibility.    In the case under consideration it
was a matter of no moment to the material and honest purposes
of the insurance contract whether the plaintiffs' title was legal
or equitable, so that it was such a title that the loss would fall
on them in case the property was destroyed.

Let the judgment be affirmed.    The other judges concur.