JOHN P. WILLIAMS, Respondent, v. BANKERS & MERCHANTS' TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, February 15, 1898.

1. **Insurance, Fire:** MISDESCRIPTION: ISSUE OF POLICY AND ACCEPTANCE OF PREMIUM: ESTOPPEL. By issuing a policy on a house and accepting the premium for insurance, the insurer is estopped to complain of a misdescription of the house, of which its agent had knowledge, after the loss has occurred.

2. ———: VALUED POLICY: REVISED STATUTES 1889, SECTION 5897: WARRANTY. Section 5897, Revised Statutes 1889, is as much a part of a valued policy as any clause or warranty in it, and will prevail against any warranty made in contravention of its provisions.

*Appeal from the Wayne Circuit Court.*—HON. JAMES F. GREEN, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

Under the uncontradicted evidence in this case the house was log and box, and not *frame*, and there should have been a finding for defendant on this issue alone. Moreover, it was not ceiled as warranted, and was worth much less than the warranted value. *Loehner v. Ins. Co.*, 17 Mo. 247, 255; *Lama v. Ins. Co.*, 51 Mo. App. 450; *Maddox v. Ins. Co.*, 56 *Id.* 343; *Brooks v. Ins. Co.*, 11 *Id.* 349; *School District v. Ins. Co.*, 61 *Id.* 597.

*Raney & Carty* for respondent.

Such slight matters as a distinction between a box house and a frame should not be permitted to avoid a contract, especially after a loss has occurred and liability attached. *Wilkins v. Ins. Co.*, 57 Iowa, 529.

Had there been a fatal misdescription, the uncontradicted testimony in this case that the building was well known to the agent who wrote the policy, that the plaintiff can neither read nor write, and that the answers to the questions propounded in the application were made by this agent, with the exception of the answer as to value, would alone have warranted the court in finding the issues for plaintiff. *Ins. Co. v. Moore*, 36 S. W. Rep. 146.

BLAND, P. J.—This action is on a policy of insurance covering $350 on a building described in the policy and in the application for insurance, as a "one story, shingle roof frame building and additions adjoining and communicating," situated in Wayne county, Missouri. The policy contained a warranty of both the description of the house and its value. There was a written application for the policy, signed by the plaintiff by his mark, which is as follows:

"Application of John P. Williams for indemnity, by the Bankers' and Merchants' Town Mutual Fire Insurance Company of Liberty, Missouri, against loss or damage by fire or lightning in the sum of $800, as specified below, for the term of one year from the 18th day of July, 1896, board rate — per cent. It being understood that the value of the property is estimated by the applicant. Estimated value $400. Amount to be insured, $350. 1. Building—Size? One story, two room, frame, shingle roof; 16 feet wide by 32 feet long. Completed? Yes. Condition? Good. No. of ceiled rooms? Two. The foregoing is my own statement, and the questions are answered by me or by my authority, and will be assumed as my act; and the statements are warranted to be a correct description of the risk, also a correct valuation, occupancy and description of the property named, and of all incumbrances. All situated in sections 29 and 30, No. twp. 29, No. range 4, county of Wayne, state of Missouri. Signature of appellant.

his
"JOHN x P. WILLIAMS
mark."

The plaintiff testified that he could neither read nor write; that Robert Durham was the agent who wrote the application; that something near a month before the application Durham had been to his house and saw the kind of a house it was, when he, plaintiff, was trying to get him to insure it; that Durham asked him questions while he was writing the application, but did not ask him what kind of building it was; did ask him the value of the building; that witness told him it was worth $600 or $700, but that Durham said he had better not put it that high, and put it at $350; that Durham read over the application to him before he signed it; that the building was not a frame house, but was part

log and part box; that the only ceiling was overhead in the box part of the house; that the building was worth all of $500, and was totally destroyed by fire about the last of August, 1896.

The evidence on the part of the defendant was that the house was partly a one and one half story log structure and partly a one story box addition; that the log part of it was old. Three or four witnesses (carpenters) testified that the house was not worth more than $225 or $250. The case was tried by the court without the intervention of a jury.

At the request of defendant the court gave the following declaration of law:

"If the court believes from the evidence that plaintiff, in his application for insurance upon which the policy sued on was issued, represented the building, for the loss of which this action is brought, to have been a one story, two room frame dwelling house, and of the value of four hundred dollars, and if the court further believes from the evidence that the building, for the loss of which this action is brought, was partly a box and partly a log building, or was not ceiled, or was not of the value of four hundred dollars, then the court declares the plaintiff can not recover."

The court found the issues for the plaintiff and assessed his damage at $350. After unsuccessful motions in arrest and for new trial, filed in due time, the defendant appealed.

The answer raised but two matters of defense that are insisted on here for a reversal of the judgment. *First.* Failure of warranty contained both in the application and the policy as to the kind of building insured. *Second.* Failure of warranty as to value of the house insured. The fact that the house was misdescribed in both the application and policy is un-

MISDESCRIPTION of premises: issue of policy and payment of premium: estoppel.

disputed, nor is it disputed that Durham was the agent of the defendant; that he had looked at the house a short time before taking the application and that he wrote the description of the house in the application from his own knowledge of it and without asking the plaintiff to describe it. It is also true that the plaintiff is an ignorant man, unable to read or write, and that he depended upon the agent of the defendant to make a correct and sufficient description of the house. In such circumstances the knowledge of Durham, the agent, should be imputed to the company. With this knowledge, after having issued the policy and accepted the premium for insurance, it should not be heard to complain of the misdescription, after a loss has occurred. *Franklin v. Ins. Co.*, 42 Mo. 456; *Combs v. Ins. Co.*, 43 Mo. 148; *Hayward v. Ins. Co.*, 52 Mo. 181; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Thomas v. Ins. Co.*, 20 Mo. App. 150. Nor does the fact that the application was read over to plaintiff alter the case. The fact still remains that the insurance company issued the policy and accepted the premium with knowledge that the house was misdescribed. *Hartford Fire Ins. Co. v. Moore*, 36 S. W. Rep. 146; *Hartford Fire Ins. Co. v. Gray*, 80 Ill. 28; Wood on Ins. [2 Ed.], sec. 153.

The second matter of defense, that the house was overvalued, it is insisted should operate to reverse the judgment. This was a disputed fact, and while the greater number of witnesses testified that the house was worth from $225 to $250, the plaintiff testified that it was worth at least $500. The judge who tried the case heard the testimony, saw the witnesses, and was in a better position to weigh the evidence than we are, and we are disposed to defer to his finding. While it is not necessary to decide the point in this case, it seems to us that the question of the valuation of the

VALUED policy: R. S. 1889, section 5897; warranty.

house is eliminated from inquiry for the reason that the policy is a valued one by the force and effect of section 5897, Revised Statutes 1889. An attempt to evade this statute, by incorporating a warranty as to value in the application and policy, should not be sanctioned by the courts. This statute is as much a part of the policy as any clause or warranty written in it, and should prevail against any warranty made in contravention of its provisions, because it is the law of the state and declaratory of its policy as to insurance of this class of property against loss by fire. *Claflin v. Torlina*, 56 Mo. 369; *Dunnica v. Clinkscales*, 73 Mo. *loc. cit.* 500; *Blasdell v. Fowle*, 120 Mass. 447.

Discovering no reversible error the judgment is affirmed. All the judges concur.