CHARLES SŒDING *et al.*, Respondents, *v.* BENJAMIN J. BART-
LETT *et als.*, Appellants.

*Practice—Parties.*—A defendant, if not a necessary party to the suit, must de-
mur to the petition, and cannot wait until the trial and then ask that his
name be stricken out.

*Practice—Answer.*—An answer denying that notice was served as *required by
law,* does not put in issue the *fact* of notice.

*Appeal from St. Louis Law Commissioner's Court.*

Action on mechanics' lien, tried by the court sitting as a
jury. Petition alleged that plaintiffs were partners; that the
defendant Bartlett was the contractor of the other defend-
ants, Wm. N. White, Catherine his wife, and Samuel W.
Eager, Jr., trustee of said Catherine, for building a house for
them; said house being their property; that plaintiffs sold
and delivered to said Bartlett the bill of hardware sued on,
and that the articles specified therein were delivered at and
used upon said house at various times between the 3d of
September, 1859, and the 19th of November, 1859; that
within four months after said account accrued, they filed
their lien, having previously given the owners ten days' no-
tice, in writing, of their intention so to do.

The defendant White and wife, and Eager, answered
jointly that they had no knowledge or information sufficient
to form a belief whether plaintiffs furnished the articles
mentioned in the petition at the request of Bartlett, or wheth-
er they were used in the said building; or whether a notice
of a supposed lien had been given, as required by law, or
whether a lien had been filed. Defendant Bartlett did not
answer.

On the trial plaintiff offered in evidence, subject to objec-
tion, a notice of lien addressed to William N. White, Cather-
ine his wife, and Samuel W. Eager, Jr., trustee; appended
to which was an affidavit of one Jecko, stating that on Jan-
uary 30, 1860, he served a true copy thereof on William

N. White and Samuel W. Eager, and defendants admitted the facts stated in said affidavit to be true.

Plaintiffs then offered in evidence lien filed February 20, 1860.

Upon the trial, one Hanson testified that defendant Bartlett was the contractor for building the house; that witness had charge of the building; that the hardware was furnished and the account was correct up to November 1, 1859, when he left, the building not then being finished.

On cross-examination he testified that he received two dollars per day for his services; that he was not a partner in the job, and that he had never said he was.

Plaintiffs then introduced evidence tending to establish the correctness of the account after the 1st day of November, and *rested* their case. Defendant William N. White then moved that his name be stricken out as an unnecessary party; which being overruled, he excepted.

One Godfrey testified for defendants, that the property belonged to Eager, trustee; that the house was finished in January, 1860; that Hanson appeared to be boss of the job and general manager; that he thought that Hanson admitted that he was a partner of Bartlett in their general business, and that they claimed to be Bartlett & Hanson; that they dissolved in October, 1859; that there was no direct contract with Hanson, but an implied one; that Bartlett took the job himself, but Hanson had an interest in it; that he understood their final settlement included this job.

Defendants here rested their case.

The plaintiffs recalled Charles Hanson, whose testimony tended to show that he was not a partner of Bartlett, and had no interest in the job.

The defendants asked the court to declare the law to be,

1. Plaintiffs are not entitled to recover against owners.

2. There is no evidence of notice to Catherine White, and the court will therefore find in her favor, and in favor of the property.

3. There is no evidence that plaintiffs ever gave defendants due notice of intention to file a lien.

4. If Hanson was a partner in business of defendant Bartlett, and had an interest in building the house, the fact that he was not a party to the contract is immaterial, and plaintiffs cannot recover.

5. There is no evidence that the notice of lien given was signed or authorized by plaintiffs, and they cannot therefore recover.

6. The alleged notice and lien are insufficient in law, and plaintiffs cannot recover.

7. If the said Hanson was interested in the profits of building White's house, or Bartlett & Hanson held Hanson out as a partner to defendants, the plaintiff cannot recover.

Defendants made their motion for a new trial; which being overruled, they excepted.

*L. Eaton*, for appellants.

I. There was no service on Bartlett, and only a *void* judgment against him. This would not warrant any judgment against these defendants. (Wibling v. Powers, 25 Mo. 599; 6 Ohio, 535; 7 Mo. 1, 463.)

II. There was a defect of parties; Mrs. White could not be proceeded against till she had appeared by *next friend*, to defend her separate estate. (Claflin v. Van Wagoner, 32 Mo. 252.)

III. Mrs. White cannot be bound without service of notice of the intended filing of the lien upon her. (Act 1857.)

IV. The notice proved to have been served on the other defendants, does not appear to have been authorized by plaintiffs. An unauthorized notice is void. (10 Barn. & Cress. 626; Story on Agency, §§ 246, 247.)

V. If Bartlett had a partner interested with him in the contract, that partner should be a party to this action, and be named in the notice of lien as one of the persons *from whom the debt was due*.

VI. There was no contract shown binding on the wife as to her separate property. The action cannot be maintained against her without a contract with her, duly executed so as to bind her separate estate. (1 E. D. Smith, 729; 2 id. 662, note.)

*Wood & Mauro*, for respondent.

I. The court did not err in refusing to strike out the name of William N. White, on the ground that he was an immaterial party. The petition charges that he was one of the owners, and the answer failed to deny the allegation. At the time at which the motion was made, nothing had transpired to show that he was an immaterial party; at any rate, no injury could have resulted to defendants by reason of this action of the court; he was not a competent witness. If he had an interest in the property, he was a material party; if he held no interest, the judgment could 'in nowise affect him. (Laws, 241.)

II. It was not necessary to give Catherine White notice of the lien; Eager had notice; he was the owner, and Mrs. White had an equitable interest only; at any rate, William N. White had notice, and notice to the husband is notice to the wife.

III. The instructions asked in relation to the effect of the alleged partnership of Bartlett and Hanson were properly refused. The petition charged that Bartlett was the contractor, and this allegation is not denied; it must, therefore, be taken as confessed. All evidence upon the subject might properly have been excluded; it was not only admitted, but it was proved, that Bartlett was the contractor.

The principal points upon which appellants rely for a reversal of this case, are raised for the first time in this court. The record shows that the defendant Bartlett was brought in by publication; judgment by default was rendered against him. This court will not presume that that judgment was improperly rendered. He is no party to the appeal, and no attempt was made below to show that he was

not in court, and no exception was taken to any action of the court. It is too late to do so now.

The answer of the defendants, William N. White, Catherine E. White, and Samuel W. Eager, makes issue only upon the following points:

1. Whether plaintiffs furnished the materials mentioned in the petition at the request of the defendant Bartlett.

2. Whether said materials were used upon the building described in the petition.

3. Whether a notice, as required by law, was served on the defendants, White and wife, and Eager.

4. Whether a lien was filed as is required by law.

The petition charges the defendant William N. White as owner. The allegation was not denied, and therefore stands confessed. The defendant Catherine E. White is sued jointly with her husband; it was not necessary to sue her by next friend. (R. C. 1855, p. 1218.) Even if it was necessary to sue her by her next friend, no advantage was attempted to be taken of it below; no exception was taken, and it is too late to attempt to raise the point for the first time in this court. (32 Mo. 252.)

DRYDEN, Judge, delivered the opinion of the court.

Upon what principle the defendant White could, in the progress of the trial, demand that his name be stricken out as an unnecessary party, is not apparent. I know no practice to sustain any such proceeding. If he considered himself an unnecessary party to a complete determination of the action, he ought to have tested the question at the proper time by demurrer to the petition; but, failing to adopt that course, he must need await the verdict of the jury.

The instructions asked by the appellants, which sought to question the sufficiency of the notice of the respondents to the owners of the property of their intention to claim a lien, were properly refused. There was no issue in the case making any proof on the subject of the notice necessary; the allegation of the petition, that the respondents had given such

notice, was not denied by the answer, and it therefore stood confessed. The answer denied " any knowledge or information sufficient to form a belief whether or not a notice was served on them *as required by law*. This averment proposed to make an issue as to the *lawfulness* merely of the notice, and not as to the *fact* of notice. The fact being admitted, there was no issue for the jury; and, as a consequence, no testimony needed.

There was no evidence in the case tending to show Hanson connected with, or interested in, the contract between the owners and Bartlett the contractor; and the instructions asked by the appellants as to the effect of the supposed connection, were therefore, likewise, properly refused.

Let the judgment be affirmed; the other judges concurring.