BRECKINRIDGE V. THE AMERICAN CENTRAL INSURANCE COMPANY, *Appellant.*

1. **Insurance** : ACTION ON POLICY ; DESCRIPTION OF PREMISES.   In an action on a policy of insurance, the same particularity in the proof of the description of the premises insured is not required, as in ejectment.   Evidence reasonably tending to establish the fact that the house insured was on the plaintiff's land, is sufficient.

2. ——— : ——— : ASSIGNEE.   The plaintiff is entitled to recover on the policy, where it appears that he is the legal assignee of the policy, and is the equitable owner of the interest of the insured in the land on which the insured house was situated.

3. **Deed, Improper Acknowledgment of.**   A deed, although acknowledged before a justice of the peace outside of the county in which the premises are located, is good between the parties.

4. **Evidence.**   The defendant, in an action against it on a policy of insurance for the destruction of a house by fire, cannot complain of the rejection of testimony, even conceding it to have been competent, that the house was in bad repute, and had the reputation of being a bawdy house, where such evidence was offered only as affecting the value of the house, and the defendant's own evidence shows that its value was greater than that found by the jury.

5. **Answer, Admissions in.**   The answer, in this case, held to admit that the building was burned, as charged in the petition, and also that the agents who approved of the assignment of the policy, were defendant's regular agents, and that their signatures, evidencing such consent, were genuine.

6. **Insurance Agents, Powers of.**   The powers of insurance agents are presumed to be co-extensive with the business entrusted to their care, and are not to be narrowed by restrictions or limitations not communicated to the party dealing with him.

7. **Presumptions.**   The ordinary presumptions arise as to the orderly course of business between the agents and the company.

8. **Insurance** : INCUMBRANCE : ESTOPPEL.   Where the agent who effects the insurance is apprized of the existence of an incumbrance on the property, the company is estopped to complain that such fact is a breach of a warranty contained in the policy.

9. **Evidence** : PROOF OF LOSS.   The objection to the introduction in

evidence of the proof of loss, because it was not signed by the plaintiff, is untenable, where it appears that his name was signed to the affidavit, at his instance, and in his presence, by another, and was adopted by plaintiff as his signature, and who was also sworn as to the matters set forth in the affidavit.

10. ———: ———. The proof of loss is only evidence of the fact that it was furnished to the company, and is not evidence of the loss itself.

11. **Waiver.** The objection to a proof of loss, or accompanying papers, that they were not signed by the proper person, comes too late at the trial.

12. **Policy**: REPAIRS. The fact that plaintiff's grantor, after the sale and conveyance. without plaintiff's knowledge, and without the consent of the company, as required by the policy, caused repairs to be made to the house by mechanics, cannot affect plaintiff's rights under the policy.

13. **Instructions.** A cause will not be reversed by reason of erroneous instructions, which could not have prejudiced the appellant.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*A. M. Hough* and *J. R. Edwards* for appellant.

(1) The assignment of the policy was improperly admitted in evidence. There was no proof of the authenticity of the signatures of the agents purporting to have consented to the assignment, and no proof that they had any authority to consent for the company to the assignment, or that the company ever consented thereto. It devolved on the plaintiff to prove by competent testimony, that Lord and Howell were the "regular agents" of the defendant. *Franklin v. Ins. Co.,* 52 Mo. 465. (2) The deed to plaintiff was improperly admitted in evidence, because of the variance between the policy and said deed. Besides, the deed was acknowledged before a justice of the peace of a different county from the one in which the premises are, and for

this reason the deed is a nullity. R. S., 1879, sec. 676; 46 Mo. 472. The deed being a nullity, the plaintiff had no insurable interest in the property alleged to have been destroyed. *Ins. Co. v. McKee*, 94 Ill. 494. (3) The evidence on the part of the plaintiff in this case. utterly fails to prove the burning of the house. The statements contained in the builder's estimate of the loss, are not proof of such facts. *Newmark v. Ins. Co.*, 30 Mo. 160; *Brown v. Ins. Co.*, 68 Mo. 133; *Citizens' Fire Ins. Co. v. Doll*, 35 Md. 89; *Neese v. Ins. Co.*, 55 Ia. 604; *Com. Ins. Co. v. Sennitt*, 41 Pa. St. 161; *Howard v. Ins. Co.*, 4 Den. 502. A full compliance with the conditions of the policy, unless waived by the defendant, is a condition precedent to recovery in every case, and the insured cannot say that he will select out this or that condition and comply with it, and expect to recover. *Edgerly v. Farmers' Ins. Co.*, 43 Ia. 587; *Blossom v. Lycoming Ins. Co.*, 64 N. Y. 162; *Noonan v. Hartford Fire Ins. Co.*, 21 Mo. 81. (4) It was competent to show the common reputation of the house, and the character of the people visiting it. 3 Wharton Crim. Law, sec. 2393; *U. S. v. Gray*, 2 Cranch C. C. R. 675; *State v. McDowell*, Dudley (S. C.) 346; 4 Mo. App. 503. Since the only manner of establishing the character and the reputation of an individual is by general reputation, it would seem to follow that the same principle would apply in proving or establishing the good or bad character of the house. *Drake v. State*, S. C. Nebraska, Cent. Law Jour., Dec. 21, 1883. (5) The court erred in admitting the deposition of A. P. McMillan, in rebuttal, for the reason that the deposition had been procured on the part of the plaintiff for a consideration. In other words, plaintiff had paid, or was to pay for it. The withdrawal of said deposition from the jury, by instruction, did not cure the error. *The Lycoming Fire Ins. Co. v. Rubin*, 79 Ill. 402; *Lafayette, B. & M. Ry. v. Winslow et al.*, 66 Ill. 219. (6) The court erred in giving instruc-

tions for plaintiff, and in refusing instructions asked by defendant.

*Edwin Silver* and *J. P. Nixon* for respondent.

(1) The objection that there was no proof of the authenticity of the signature of the agents' approval of the assignment, is untenable, because, the approval of the assignment was made by Lord and Howell, who had also countersigned the policy, and the genuine signatures of Lord and Howell being in evidence in the case, the jury was at liberty to determine from a comparison with the genuine signature, whether the second was authentic. 1 Greenl. on Evid., sec. 578 ; *State v. Clinton*, 67 Mo. 380. The answer expressly admits the signature of the agents in making the approval, and denies only their authority in the premises. (2) Whether or not the agents had authority to make the assignment, was a question for the jury. *Combs v. Ins. Co.*, 43 Mo. 152 ; *Hough v. Ins. Co.*, 29 Conn. 10 ; *Nicoll v. Ins. Co.*, 3 Wood & M. 529. Nor is direct evidence required to establish an agency. *Hull v. Jones*, 69 Mo. 587. (3) The deed to plaintiff by McMillan was properly admitted. It was for the jury to say whether the description embraced the insured property. *Barry v. Otto*, 56 Mo. 177 ; *Tawless v. Newman*, 5 Mo. 236. Extrinsic evidence was competent to identify the land as embracing the insured property. *Means v. Lavergne*, 50 Mo. 343 ; *Orr v. How*, 55 Mo. 328. And plaintiff is not precluded from availing himself of the benefit of such evidence, although furnished after the close of his case. *Kelly v. Ry.*, 75 Mo. 141. (4) The McMillan deed to plaintiff was good between the parties, although acknowledged before a justice of the peace in Laclede county. (5) The builder's estimate and proof of loss were admissible in evidence, (6) The court rightly excluded evidence to show that

the insured house had the reputation of being a bawdy house. *Loehner v. Ins. Co.*, 17 Mo. 247; *Loehner v. Ins. Co.*, 19 Mo. 628; *Heath v. West*, 26 N. H. 191; *Prescott v. Hayes*, 43 N. H. 599; *U. S. v. Stephens*, 4 Cr. 338. (7) Appellant's point that there is no proof of the burning is not well taken. In its answer it denies "the burning of the property as alleged," which is not a positive denial, but is a negative pregnant, and insufficient. *Shaetzel v. Ins. Co.*, 22 Wis. 413; *Solding v. Bartlett*, 35 Mo. 90; *Garth v. Caldwell*, 72 Mo. 622. Besides, the answer also expressly admits the burning. *Hyeronomus v. Allison*, 52 Mo. 103. (8) The defendant having stood on the demurrer to the evidence, the plaintiff can have the benefit of any afterwards admitted on the trial. *Kelly v. Ry.*, 75 Mo. 141. (9) Plaintiff's instructions correctly declared the law. *Geib v. Ins. Co.*, 1 Dil. 445; *Mack v. Ins. Co.*, 2 McCrary, 312; *Langstrauss v. Ins. Co.*, 57 Mo. 107; *Combs v. Ins. Co.*, 43 Mo. 152; *Ins. Co. v. Wilkinson*, 13 Wal. 272; *Hough v. Ins. Co.*, 3 Wood & M. 520; *Franklin v. Ins. Co.*, 42 Mo. 456; *Hayward v. Ins. Co.*, 52 Mo. 181; *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278; *Phillips v. Ins. Co.*, 14 Mo. 220; 34 Conn. 5-70. No act of the insured, after the assignment of the policy, can impair the rights of the assignee. *New England, etc., v. Wetmon*, 32 Ill. 221; *Pollard v. Somerset Co.*, 43 Me. 221; Wood on Insurance, 581. (10) The insurer is liable for the whole amount of a valued policy, although, in the application, the property was over valued, but without fraud or intentional misrepresentation in such over valuation. *Phillips v. Ins. Co.*, 10 Cush. 350; *Fuller v. Ins. Co.*, 4 Met. 206. Defendant's own evidence in this case, shows the house to have been worth nine hundred and fifty dollars. (11) The instructions refused for defendant were rightly refused. (12) The request for a new trial because of newly discovered evidence was rightly over-

ruled. *Cook v. Ry.*, 56 Mo. 381; *State v. Ray*, 53 Mo. 345.

SHERWOOD, J.—The plaintiff sues on a policy of insurance, number 2,081, issued by the defendant company, assigned to him by one A. P. McMillan, to whom the policy was issued on property described therein as "on his two-story shingle roof frame building, occupied by tenant as a dwelling situated on the east side of Elm street, Jefferson City, Cole county, Mo., reference had to application and survey number 2,081, on file, which is his warranty, and a part hereof." The application for insurance thus referred to in the policy, and made a part thereof, states that the lot was "known as the lot conveyed by Abraham Flood to W. H. Payne."

The deed from McMillan to plaintiff described the property as a certain lot in Jefferson City, etc., "beginning at a point on the northwest corner of out lot thirty-four, on Chestnut street, opposite Elm, and running southwest two hundred and thirty-three feet and ten inches; thence at right angles one hundred and twelve feet and ten inches, parallel with the line between lots thirty-four and thirty-seven; thence northeastwardly, parallel with Chestnut street, two hundred and thirty-three feet and ten inches, thence northwestwardly by west two hundred and twelve feet and ten inches, to the place of beginning." Objections were taken to this deed being read in evidence.

I. It is impossible for this court, from an inspection of the description contained in the deed, and that in the policy, to determine whether there is any material variance between the two descriptions. Counsel inform us that Elm street runs from the eastern to the western limits of Jefferson City, and that Chestnut street runs from the northern to the southern limits of the city, and hence it is an utter impossibility for the house to be located on the *east side* of Elm street. There was no

evidence on this point, and we certainly cannot take judicial notice of the streets of this city, nor of their directions, etc.

The deed does not say whereabouts on out lot thirty-four the house is, and if Chestnut street is "opposite Elm," that may be a parallel street to Chestnut street, and the out lot thirty-four may extend between two streets, and the house may be on the *east side* of Elm. Besides, the application for insurance, referred to in the policy, says the lot was "known as the lot conveyed by Abraham Flood to W. H. Payne," and extrinsic evidence identified the lot as being known as the Payne lot, and that it had been sold to McMillan by Payne. Moreover, leaving the deed and its description out of view, granting that it was as defective as defendant claims, still, considering all the circumstances attendant on the transaction, plaintiff can maintain his action, if he may be regarded as in receipt of a legal assignment of McMillan's interest in the policy, and as the equitable assignee of McMillan's interest in the land. And the same particularity of description of the land is not required in a case of this sort, as in an action of ejectment for the land. The suit is on the policy, and evidence reasonably tending to establish that the house insured was on the land conveyed is sufficient. Taking all these things into consideration, we rule the point against the defendant.

II.    A similar ruling will be made as to the deed being acknowledged before a justice of the peace of Laclede county. The deed was valid between the parties without any acknowledgment. *Harrington v. Fortner,* 58 Mo. 473.

III.    Relative to the rejection of testimony that "the house was in bad repute, and had the reputation of being a bawdy house," there are authorities which uphold the view that such evidence is competent. Whart. Crim. Law, sec. 2395 *a; U. S. v. Gray,* 2 Cranch

C. C. R. 675; *State v. McDowell*, Dudley (S. C.) 346. In *Loehner v. Insurance Company*, 17 Mo. 247, the point is, perhaps, decided that such evidence is inadmissible, though the case of *Caldwell v. State*, 17 Conn. 467, cited therein, does not support that position. But the case of *Commonwealth v. Stewart*, 1 S. & R. 341, also cited in *Loehner's case, supra*, declares such evidence of substantially the same purport as mere hearsay. The judgment in *Loehner's case* was afterwards affirmed in 19 Mo. 628, but the point in hand was not again touched upon, and probably may be considered as adjudged when the cause was first before this court. *Loehner's case* is the only civil one where the point has been passed upon. Perhaps there are considerations in criminal prosecutions which would render evidence of reputation admissible, which would not apply in civil cases. Even in criminal prosecutions, proof that a house had a certain reputation, though a prominent item of circumstantial evidence, is only valuable as inferentially conducing to establish the fact of guilt, and is not sufficient in and of itself to do this. Whar. Crim. Law, *supra*, and cases cited. But, whatever may be thought on the point, if it has not already been decided in this state, it seems immaterial in this instance, because the reason of the offer to prove the reputation of the house was stated to be that of "affecting its value;" but, as one of the defendant's own witnesses had testified that the house was worth nine hundred and fifty dollars, and the verdict returned was only eight hundred and fifty-one dollars, it is difficult to see how, in any event, defendant has been prejudiced by the ruling made by the trial court. In addition to that, there was nothing to show that McMillan knew the character of the house, or defendant's rule on that subject, and the policy is silent on the point.

IV. The fact that the building was burned is charged in the petition as having occurred November 28,

1879, and the answer first "denies the destruction of the property *as alleged;*" this admits the destruction of the house by fire, if the ordinary rules of pleading applicable to negatives pregnant are to prevail. It is tantamount to saying "the house was destroyed by fire, but not on the day, or in the way you say it was." *Schaetzell v. Ins. Co.*, 22 Wis. 413, and cases cited; *Soeding v. Bartlett*, 35 Mo. 90, and cases *infra*. And the answer then states that "defendant avers that before said building was burned, as alleged," and by further stating "that at, and immediately before the time when said building was burned, mechanics were at work," etc., thereby makes admission of the destruction of the building as charged in the petition. *Hyeronimus v. Allison*, 52 Mo. 103; *Garth v. Caldwell*, 72 Mo. 622.

V. And the like remark applies as to the assignment of the policy, for the petition charges that the policy was assigned on the fifteenth day of October, 1879, by McMillan to plaintiff, and that "said assignment was approved in writing by the regular agent of the defendant at Springfield, Missouri," and the answer states: "Defendant denies that it ever consented to said pretended assignment of said policy, and that the acts of its agents at Springfield, in consenting thereto, was made without any authority conferred on them by this defendant," etc. This is clearly an admission by defendant, that Lord & Howell were its regular agents, and did consent in writing, for so the consent had to be, and was manifested, and that their signatures evidencing such consent were genuine. The only denial is their authority in the particular instance. But the policy allowed its "regular agents" to make approval of an assignment of the policy. And the powers of insurance agents are presumed to be co-extensive with the business entrusted to their care, and are not to be narrowed by restrictions and limitations not communicated to the party who claims the acquisition of rights through the

acts of the agent. *Wilkinson's case*, 13 Wall. 222. And in this connection it must not be forgotten that the ordinary presumptions arise as to the orderly course of business between the agents and their company. Here the assignment was approved by the "regular agents" October 15, 1879; the building was not consumed by fire till November 28, next thereafter. It is but in accordance with the presumption of the usual and orderly course of business, to presume that the fact of the assignment and approval were communicated by the agents to their company, and no disapproval by the company of the act appearing, it will be presumed that the company approved the act of their agents. *Long v. Joplin Mining Co.*, 68 Mo. 422, and cases cited.

VI. As to the evidence of an incumbrance on the property insured, the evidence tended to show it, but the testimony of plaintiff tended to show that Lord, who took the insurance, and consented to the assignment of the policy to plaintiff, was fully apprised of the existence of the incumbrance, which was for four hundred dollars, for which property in Lebanon was also bound. The company, in such circumstances, is clearly estopped; for the insurer is estopped from showing a breach of warranty when the agent who effects the insurance is fully apprised of the facts, and knowing them all, still insures the property and receives the premium therefor. *Combs. v. Ins. Co.*, 43 Mo. 149; *Franklin v. Ins. Co.*, 42 Mo. 456; *Hayward v. Ins. Co.*, 52 Mo. 181; *Pelkington v. Ins. Co.*, 55 Mo. 172.

VII. The proof of loss was properly admitted in evidence. It, as well as the builder's estimate attached thereto, was filed in the cause by the defendant, with its depositions, and came from its custody. They had been forwarded to defendant, been returned to plaintiff, and by him re-forwarded to defendant. The objection made by the defendant to the introduction of the proof of loss in evidence, that it was not signed by the plaintiff, is

wholly untenable. His name was signed to the affidavit at his instance, and in his presence, by another, and was adopted by plaintiff as his signature, who was thereupon sworn as to the matter set forth in the affidavit, and this was sufficient. One's name may be signed even to a deed, in his presence, and at his instance, and the signature will be valid, and certainly so in a case like the present. Of course such proof of loss was only evidence of the fact that it was furnished, and not of the loss itself. *Baile v. Ins. Co.*, 73 Mo. 371.

VIII. And the builder's estimate was properly admitted in evidence, also, and this notwithstanding clause thirteen of the policy requires that the "plans and specifications shall be sworn to by the party required to make proofs." In *Ayres v. Ins. Co.*, 17 Iowa, 176, one of the conditions of the policy required "all persons insured by the company, to deliver a particular account of loss or damage, signed by their own hands," etc., and proof was made by one Allen, an improper person, but as the company made no objections as to the proofs, because not made by the plaintiff in person, placing their refusal to pay on other specific grounds, it was ruled that the company could not, at the trial, raise the objection for the first time, that the proofs, were not made in the precise manner pointed out by the policy. A similar ruling was made in this court, where the certificate was sworn, to by the agent, and not by the insured. *Sims v. Ins. Co.*, 47 Mo. 54. No objection on the score mentioned was made by the defendant in reference to the proofs of loss or accompanying papers, and on the day of trial was too late a period to raise such an objection.

IX. If McMillan, after the sale and conveyance of the property to plaintiff, of his head, and without plaintiff's knowledge, caused repairs to be made on the house, this unauthorized act could not prejudice plaintiff's rights. *Pollard v. Somerset Ins. Co.*, 43 Me. 221.

X. Instructions one and twenty should not have been given on behalf of plaintiff. The evidence referred to in those instructions did not make out a *prima facie* case that the house was worth the amount for which it was insured. If the policy had been a "valued" policy such an instruction as twenty might be proper, but certainly not in the case at bar. Inasmuch, however, as the lowest estimate placed on the house, and by a witness for the defendant, was nine hundred and fifty dol-dollars, those instructions could not have resulted prejudicially to defendant.

XI. A remark of the same sort is applicable to instructions six and seven, given at plaintiff's instance. Though somewhat inaccurately drawn, they were not entirely unsupported by the evidence. The fact that defendant's secretary, in his letter to plaintiff, insisted on certain conditions not mentioned in the policy, was tantamount to an evasive refusal to pay, and a waiver of formal proofs of loss. It is unnecessary to notice the other instructions further than to say that the principles contained in some of them have already been noticed and approved, and as to the others, whether for plaintiff or defendant, or on the court's own motion, they presented, as a whole, no substantial error; and were in accord with former decisions of this court.

XII. The application for a new trial on the ground of newly discovered evidence, does not meet the requirements of the uniform line of decisions in this state. *State v. Ray*, 53 Mo. 345; *Cook v. Ry.*, 56 Mo. 380.

For the reasons aforesaid, judgment affirmed. All concur.