THACKERY MINING & SMELTING COMPANY, Respondent, v. AMERICAN FIRE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, May 6, 1895.

1. **Insurance: VACANCY: WAIVER: CONTINUANCE.** Though a policy of insurance contain stipulations avoiding the contract, if the property be vacant, etc., without permission therefor indorsed thereon, yet, if the company has at the time notice of the true situation and knows that the policy does not state it truly but still issues it and collects the premium, then it will not be allowed to defeat the policy on account of the violation of such stipulations.

2. ——: ——: CONTINUANCE OF. Where at the inception of the policy the property is unused to the knowledge of the company, the policy will not become forfeited by the continued nonuser, especially where, from all the circumstances, the provision was to insure a nonoperating plant. *McHoney v. Ins. Co.*, 52 Mo. App. 94, *distinguished.*

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) Even if the defendant's agent had promised plaintiff to issue it a policy of insurance that would insure the mining plant when idle, as well as when running, and when vacant as well as occupied, it was, nevertheless, the duty of plaintiff to read the policy, and if not in accordance with the agreement to speedily return it. Not having done so, it is bound by its conditions as written. *McHoney v. Ins. Co.*, 52 Mo. App. 94; *Ins. Co. v. Neiberger*, 74 Mo. 167. (2) There is no question of waiver or estoppel in this case. It is not contended by the defendant that the policy was void when issued. According to the policy conditions it became void if the insured plant ceased to be operated for more than ten days; or, if it became vacant or unoccupied, and so remained for ten days, a forfeiture occurred at the end of the ten days. Plaintiff's testimony goes no further than to show that defendant's agent, when the policy was applied for, several days before it was issued, knew that the plant was not in operation. He neither knew nor consented that the plant should remain vacant, unoccupied and idle continuously up to the time of the fire, four months and seventeen days after the policy was issued.

*E. O. Brown* and *Flanigan & Booth* for respondent.

(1)   It is settled by the weight of authority, that where a policy is issued containing a condition inconsistent with the facts, and the agent knew the facts when the policy was issued, the conditions are waived so far as they conflict with the facts known to the agent.   In such case the doctrine of estoppel has a very just application, as, if it was not permitted to apply, an innocent party would be made to suffer. 1 Wood on Fire Ins., sec. 90. And this, although the policy expressly declares that no agent has power to waive or modify any of the printed conditions of the policy. 1 Wood on Fire Ins., sec. 91; *Haight v. Ins. Co.*, 92 N. Y. 51; Ostrander on Law of Fire Ins., 333, sec. 144; *Ins. Co. v. Brodie*, 52 Ark. 11; *Hamilton v. Ins. Co.*, 94 Mo. 368; *Anthony v. Ins. Co.*, 48 Mo. App. 65–73; *Trundle v. Ins. Co.*, 54 Mo. App. 188, 198; *Franklin v. Ins. Co.*, 42 Mo. 459; *Pelkington et al. v. Ins. Co.*, 55 Mo. 172. (2)   If an agent with knowledge that the building is unoccupied issues a policy with a clause providing that it is void if vacant, there is a waiver of any printed or written condition respecting occupancy of the premises, and the agent's knowledge is the company's. *Devine v. Ins. Co.*, 32 Wis. 471; Ins. Dig., 337, sec. 102; Ostrander on Fire Ins., 333, sec. 144; *Cone v. Niagara*, 69 N. Y. 619; Clement's Fire Ins. Dig., 337, 104; *Ibid.*, 633, sec. 100. (3) Where, as in this case, the local agent of the company is supplied with blank policies which he is authorized to fill out, countersign and deliver to the assured, he is a general agent in the matter of soliciting, accepting risks and issuing policies. Clement's Fire Ins. Dig., p. 338, sec. 113.   Besides, receipt of premium by defendant's local agent was knowledge that the plant

in question was vacant and not in operation, without exercising the right of canceling policy, operates as an estoppel. *Ins. Co. v. Busby*, 15 Ins. L. J. (Tex.) 736; Clement's Fire Ins. Dig., 633, 101. *Wheeler v. Ins. Co.*; In. Eng. Rep. 322; 62 N. H. 326–450; *Ins. Co. v. Ende*, 65 Tex. 118; *Couch v. Ins. Co.*, 25 Hun (N. Y.), 469; *Mulville v. Adams*, 13 Ins. L. J. 435; 19 Fed. Rep. 887; *Carr v. Ins. Co.*, 13 Ins. L. J. 443; 60 N. H. 513.

GILL, J.—This is an action, on a fire insurance policy for $1,000, executed by the defendant and covering the buildings and machinery of a mining plant owned by the plaintiff at Joplin. The defense relied on was a violation of the following clause in the policy:

"This entire policy, unless otherwise provided by agreement, indorsed hereon, or added hereto, shall be void, if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock, *or if it cease to be operated for more than ten days.*"

In its answer, defendant claimed that at the issuance of the policy and up to the date of the loss, the mining plant was not operated and that there was no agreement permitting its disuse, indorsed or written in the policy. In reply to this, plaintiff admitted that the mining plant was not in operation when the policy was taken out, nor subsequently to the time of the fire; but alleged that of all this defendant had, at the issuance of the policy and afterward, full knowledge, and that it was estopped, therefore, from making said defense.

Testimony on plaintiff's behalf was to the effect that Marks, its president, went to Roesch, defendant's agent at Joplin, and applied to him for insurance on the property; that Roesch asked him (Marks) if the property was being operated, to which a negative

answer was given; that Roesch at first replied that his company would not take the risk unless the plant was being operated, but after a moment's reflection said further, "Yes, I have some companies that will take it." This and further evidence was introduced, tending clearly to prove that the agent fully understood the condition of the property at the time, and consented, notwithstanding it was not in operation, to issue the policy thereon, and did collect the premium.

The cause was tried by the court, without the aid of a jury. At the conclusion of the testimony, the defendant demurred to the evidence, which was over-ruled. No other instructions were offered or given. The court gave plaintiff judgment for the amount named in the policy and defendant appealed.

It is the well settled law of this state that, notwithstanding the appearance of such conditions as the foregoing in policies of insurance, which in terms avoid the contract, if the property be vacant or unoccupied, incumbered or covered by other insurance without permission therefor written in or indorsed on the policy—yet if the company, or its authorized agent, has at the time notice of the true situation, and knows that the policy does not state it truly, and yet with such knowledge issues the policy and collects the premium from the assured, then the insurer will not be allowed to defeat the policy on account of the violation of such stipulation. The insurance company will be estopped from claiming a forfeiture of the policy by reason of such conditions, when its agent, at the time, fully understood the circumstances and assented thereto, even though such assent was not indorsed on the policy, as required by its terms. *Franklin v. Ins. Co.*, 42 Mo. 456; *Pelkington v. Ins. Co.*, 55 Mo. 172; *Breckenridge v. Ins. Co.*, 87 Mo. 71; *Hamilton v. Ins. Co.*, 94 Mo. 368; *Cromwell v. Ins. Co.*, 47 Mo. App. 109;

*Anthony v. Ins. Co.*, 48 Mo. App. 65; *Trundle v. Ins. Co.*, 54 Mo. App. 188. The reasons for this doctrine are fully set out and elaborately discussed in the foregoing authorities, and it would be tedious and unprofitable again to repeat them.

But defendant's counsel insist here that the policy in suit is not sought to be avoided because invalid at its *inception*, but that it became void because the nonuser or nonoperation of the mining plant was allowed to *continue* for more than ten days—the condition, it will be remembered, being "if it cease to be operated for more than ten days" without an agreement written on or in the policy.

Considered in the light of the circumstances attending the issue of this policy, we think there is nothing in the point. It is enough to warrant the judgment of the lower court, that the defendant's agent, at the issuance of the policy, knew not only that the plant was not then being operated, but in all probability that it would not be operated for some time to come. The risk was clearly taken for a nonoperated machine or plant. According to plaintiff's evidence, the plant had been out of use for some months, was so then, and the agent was asked if he would issue a policy on the same in its then present condition; and said agent then consented to take the risk. The testimony, in the light of the circumstances, shows that the purpose was to insure a nonoperating plant and that there should be no objection on that account. The defendant's agent well knew the nature and condition of the property, what it was then and what its future condition as to operation would be. His knowledge was that of the company. With this knowledge, the plaintiff was, in effect, assured that the company would make no objection to the nonoperation of the plant. The plaintiff was thereby lulled into a sense of security; and, on the faith that defend-

ant would raise no objection to the condition of the property, paid the premium. It would work a fraud on the plaintiff if this defense was allowed.

We do not understand that the case of *McHoney v. Ins. Co.* (52 Mo. App. 94) conflicts in any way with the well established law of this state, which is to be gleaned from cases cited above. That was a suit in equity to reform a policy, and the principles there invoked have no place in the case at bar.

We discover no error in the trial by the circuit court, and its judgment will be affirmed. All concur.