| 69 | 413 |
| 79 | 488 |

SARAH R. WOOLDRIDGE *et al.*, Respondents, v. GERMAN INSURANCE COMPANY, OF FREEPORT, ILLINOIS, Appellant.

### St. Louis Court of Appeals, February 23, 1897.

1. **Insurance, Fire**: PROOFS OF LOSS: PRIMA FACIE PROOF. In a suit on a policy of fire insurance, where one of the defenses was that plaintiff had failed to furnish any proofs of loss, a deposition taken by plaintiff to meet this requirement of the policy, with exhibits of notice and proofs of loss attached and made a part of it, furnished *prima facie* proof of a compliance with the policy in respect thereto.

2. ———: APPLICATION: TITLE: EVIDENCE: PRESUMPTION: ESTOPPEL. Where an application for insurance stipulated that if the applicant was a married woman her husband must join with her in signing the application, the signature of the wife to the application written above that of her husband, was sufficient to indicate to the insurer that she, not her husband, was the owner of the property insured, and to raise the presumption that he signed the application at the written request of the company, which was estopped from taking advantage of what it had procured to be done.

3. ———: ———: DEFECTIVE FLUE: EVIDENCE: ESTOPPEL. Where the evidence tended to show that a flue in part of the building insured was not in the condition represented and warranted in the application, of which fact the soliciting agent of defendant knew at the time he took the application, and there was no notice in the application of any restriction of authority of the agent to waive any of the terms and conditions of the policy to be issued thereon,—the company was estopped from claiming a forfeiture of the policy on the ground of the defective condition of the flue, and the estoppel was not affected by the fact that the policy subsequently issued called the attention of the assured that such agent had no authority to waive any of its terms and conditions.

4. ———: INSTRUCTION. An instruction given at the instance of plaintiff, which, though very broad in its terms on the question of waiver, was so qualified by an instruction given for defendant as not to mislead the jury to defendant's prejudice, was not error.

5. ———: LOSS: VALUE OF PROPERTY INSURED, PROOF OF. Where the only witness to the value of personal property destroyed by fire could not recall all the articles covered by the policy or their value, but referred to the formal proofs of loss, in evidence, as containing a correct list of the articles and their true value, and defendant failed to avail itself of its right and opportunity to cross-examine the witness as to their value, the appellate court could not say there was lack of proof on this point.

*Appeal from the Oregon Circuit Court.*—Hon. W. N. Evans, Judge.

AFFIRMED.

*Harrison & Harrison* for appellant.

This is one of those policies where they agreed that the agent had no power to complete the contract. The agent was only a solicitor. *Jenkins v. Ins. Co.*, 58 Mo. App. 210; *Shoup v. Ins. Co.*, 51 *Id.* 285; *Mahoney v. Ins. Co.*, 52 *Id.* 94; 1 May on Ins. [3 Ed.], p. 246, sec. 138.

What was said to the agent is not admissible, as the application does not undertake to set out the contract, and his authority was limited. *Laehner v. Ins. Co.*, 17 Mo., at 256; *Deily v. Ins. Co.*, 38 *Id.*, at 92; *Squire v. Evans*, 127 *Id.*, at 518, 519. See, also, *Walton v. Ins. Co.*, 5 L. R. A. (N. Y. 1889) p. 677.

The evidence shows the wife alone was the owner of the property, hence there was a breach of warranty, and they could not recover. *Walton v. Ins. Co., supra; Schroedel v. Ins. Co.*, 27 Atl. Rep. (Pa.) 1077; *Ins. Co. v. Rush*, 40 Mich. 241; *Ins. Co. v. Hunter et al.*, 32 S. W. Rep. (Tex.) 344.

The question is not whether they both had an insurable interest, but whether they were the sole and unconditional owners by fee simple title, and did all stove pipes go into brick flues or Peck's patent flues. *Lima v. Ins. Co.*, 15 Mo. App. 447; *Holloway v. Ins.*

*Co.*, 48 *Id.* and cit.; *Milling Co. v. Ins. Co.*, 25 *Id.* 259, and cit.; *Grisley v. Ins. Co.*, 40 *Id.*, at 283.

By receiving the policy with a copy of the application on the back of it, and keeping it without returning it to the company ·for correction, plaintiff ratified it. *Mahoney v. Ins. Co.*, 52 Mo. App., at 99, and cit.; *Shoup v. Ins. Co.*, 51 *Id.*, at 291; *Steinberg v. Ins. Co.*, 49 *Id.* 255, and cit.; *Mensing v. Ins. Co.*, at 607; 1 Beach Jr. on Ins., p. 331, sec. 356, and cit. in note 2.

Plaintiffs forfeited all claims under the policy by false representations in their attempted proofs of loss as to the ownership of the property and condition of the flues. Ost. on F. Ins., p. 349, sec. 153, and cit.; *Dolloff v. Ins. Co.*, 19 Atl. Rep. (Me.) 396; *Claflin v. Ins. Co.*, 110 U. S. 81; *Fleisch v. Ins. Co.*, 58 Mo. App., at 604.

There was no proof of the personal property, if any, lost by the fire. Secs. 5897, 5898, R. S. 1889, applies only to real estate.

The court erred in giving on behalf of plaintiffs instruction number 1, which left to the jury the construction of the written contract as to what articles were covered by the policy. *Brannock v. Elmore*, 114 Mo. 55; *Brewing Co. v. Linck*, 51 Mo. App. 478.

Instruction number 3 asked by defendant should have been given. *Strange v. Crowley*, 91 Mo., at 295; *Cangas v. Rumsey Mfg. Co.*, 37 Mo. App. 297; Bish. on Con. [Enl. Ed.], p. 34. sec. 30.

No brief filed for respondent.

BLAND, P. J.—An examination of the record in this case, and the disposition we shall make of this appeal, makes it unnecessary to set out the pleadings at any length. The petition was on a policy of fire insurance, dated December 19, 1894, issued to the plaintiffs

by defendant company, insuring plaintiffs' dwelling house and contents against loss by fire. The house and contents were alleged to have been burned April 10, 1895, and the loss to have been a total one. Among other stipulations in the policy precedent to a right of recovery thereon, plaintiffs agreed to give immediate notice, in case of loss, and within thirty days after such loss, to furnish defendant company proofs of loss. The answer stated five separate and distinct defenses, based upon the stipulation in the policy and application for insurance. One of these defenses was that plaintiffs had failed to furnish any proofs of loss.

PROOFS OF LOSS: prima facie proof.

To meet this requirement of the policy the plaintiffs took the deposition of one Chas. E. Ellmore, at Mammoth Springs, in the state of Arkansas. A motion to suppress this deposition is in the transcript, but nowhere appears in the bill of exceptions, for which reason neither the motion nor the ruling of the court thereon, can be considered or received here. The deposition with the exhibits attached and made a part of it, furnish *prima facie* proof that the plaintiff had given timely notice of the loss, and made formal proofs thereof within the time, and in the manner required by the policy. The application was signed by both Sarah E. Wooldridge and her husband, Jesse. The title to the land was in Sarah alone.

APPLICATION: title: evidence: presumption: estoppel.

The application for insurance contained this memorandum: "If applicant is a married woman, her husband must also sign application and note with her." The signature of Sarah Wooldridge appears above that of her husband to the application. This fact indicated to the company that she, not her husband, was the owner of the land. Jesse Wooldridge, under the circumstances, must be presumed to have signed the application at the written request of the company, and it should be estopped

from taking advantage of that which it procured to be done. Jesse having been named in the policy as one of the assured, was a necessary party to the suit, although he had no beneficial interest in the subject-matter. There was no error in the exclusion of the evidence of Jesse Wooldridge, Jr. He had no paper title and his evidence did not tend to disprove the title of Sarah Wooldridge.

The evidence tended to prove that a flue in one part of the insured building was not in the condition represented and warranted in the application. There was also evidence that Bass, the soliciting agent of the company, inspected the premises at the time he took the application, and knew the true condition of this flue. There was no notice in the application of any restriction of the authority of the agent to waive any of the terms and conditions of the policy to be issued on the application. Under such circumstances the company would be estopped from claiming a forfeiture of the policy on account of the defective condition of this flue, and the estoppel is not affected by the fact that the policy subsequently issued called the attention of the assured to the fact that the soliciting agent had no authority to waive any of the terms and conditions of the policy. *Combs v. Ins. Co.*, 43 Mo. 148; *Parson v. Fire Ins. Co.*, 132 Mo. *loc. cit.* 590; *Mining & Smelting Co. v. Amer. Fire Ins. Co.*, 62 Mo. App. 297; Beach on Ins., sec. 374.

*DEFECTIVE flue: evidence: estoppel.*

Instruction number 3, given at the instance of plaintiffs, is very broad in its terms on the question of waiver, but we think that it was so qualified by instruction number 7, given at the instance of defendant, as not to mislead the jury to the prejudice of the defendant. The instructions taken as a whole presented the case very favorably to the de-

*INSTRUCTION.*

fendant, on all the defenses made by the answer, and we perceive no substantial error on any given for the plaintiff, when the instructions are considered as a whole.

It is assigned as error that there was a lack of proof of the value of the personal property consumed by the fire. Mrs. Wooldridge was the only witness who testified as to its value. She was unable to call to memory all of the articles or their value that were burned, but she constantly referred to the formal proofs of loss as containing a correct list and the true value of the articles lost by the fire. These proofs were before the court and jury, and the defendant, under the circumstances, had the opportunity and right to cross-examine her on these values, as shown by the proofs of loss, if it had so desired. We are not able to say there was a lack of proof on this point. Perceiving no reversible error in the record prejudicial to the defendant, the judgment is affirmed. All concur.

*Loss: proof of value of personal property.*