HARTFORD FIRE INSURANCE CO. v. L. W. MOORE.

Delivered May 13, 1896.

**1. Fire Insurance Policy—Description of Building.**

The appellant company insured a building which was described in the policy as a two story metal roof building, occupied as a hotel, and known as the Central Hotel, and also the furniture therein. The rear part of the building was only one story, and part of the furniture was therein. The insurance agent officed in the building, and was familiar with its structure. Held, that the policy was not vitiated or affected by a misdescription of the property.

**2. Same—Sole Ownership—Subsequent Adverse Claim.**

After the policy was issued, a part of one of the walls of the building was claimed by a third party, who demanded lease rent therefor. The assured, who knew nothing of this claim when the insurance was effected, inquired of the insurance agent if the policy would be affected by such proposed lease, and was told that it would not. Held, that the policy was not vitiated by reason of the assured not being the sole owner of the property, as stated in the policy.

APPEAL from Bexar. Tried below before Hon. S. G. NEWTON.

*Leake, Henry, Reeves & Greer*, and *Perry J. Lewis*, for appellant.

*I. B. Henyan*, for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit by appellee against appellant on the insurance policy described in our first conclusion of fact. There was a judgment rendered upon the trial in favor of plaintiff for $2158.50, from which the defendant has appealed.

*Conclusions of Fact.*—1. On January 22, 1894, the Hartford Fire Insurance Co., by its policy of that date, insured the appellee, L. W. Moore, for the term of one year from January 22, 1894, at noon, to January 22, 1895, at noon, against all direct loss or damage by fire, except under certain provisions not necessary to mention, to an amount not exceeding $2000 to the following described property, while located and as described in the policy, as follows, to-wit:

"$1500. On the two-story stone and iron clad metal roofed building occupied as hotel, as situated on the south side of Main Plaza N. 212, known as Hotel Central, San Antonio, Texas; and $500 on hotel furni-

ture, beds, beddings, carpets, mirrors, pictures and crockery ware, cooking utensils, range, iron safe, office and other furniture and fixtures incidental to a hotel. All while contained in the above described building." The policy contains this written statement: "It is understood that within building stands on leased ground;" and the stipulation, that it "shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein;" "or if the interest of the insured be other than unconditional and sole ownership." It also contains the following provisions: "In all matters relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company * * * And no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon, or added hereto, and as to such provision or condition, no officer, agent or representative shall have such power, or be deemed or held to have waived such provision or condition, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written and attached."

2. The building insured and known as "Hotel Central" was of two stories, situated and fronting on Main Plaza, but a part of the building in the rear was only one story; without this one story part, the building would not have been complete, for one room was partly of the two and one story parts of the structure, and some of the furniture insured was in the one story part of the building when the policy was issued. The agent of the appellant who solicited and effected the insurance officed in the building, and was familiar with its structure.

3. After the policy was issued, a part of one of the walls of the building was claimed by Mr. Garza. The appellee knew nothing of this claim when the insurance was effected, and Mr. Garza having informed him that his vendor had paid him a dollar per month for the part of the wall so claimed, and asked him to pay a like rent, appellee went to appellant's agents who wrote the policy, informed them of Garza's claim, asked them if the proposed lease, which had been written but not signed by him, would affect his insurance, and, being told by them it would not be affected by such lease, and to go ahead and sign it if he liked, he asked them to note on the policy about the lease and was told that it was useless. He then signed the lease. The evidence does not show that Garza really owned the part of the wall claimed by him.

4. At the date of the policy the interest of the appellee in the property insured was truly stated therein, he being the unconditional and sole owner of the building and hotel furniture thereby insured. This interest continued in appellant until the property covered by the policy was destroyed by fire on the 14th of February, 1894.

5. The actual cash value of the building insured which belonged to

appellee, at the time of the fire, was $3000; and the actual cash value of the furniture insured and owned by appellant at that time was $1000.

*Conclusions of Law.*—The appellant asked the court to instruct the jury: "That the insurance policy sued upon insures a two-story stone and metal roof building, and does not insure a one-story shed or addition"; and assigns its refusal as error. The charge asked, in our opinion, submits no issue in the case. The evidence did not tend to show that the building destroyed and claimed to have been insured was "a one-story shed or addition." It was all to the effect that it was the "Hotel Central," "a two-story metal roof building." True a part of it, as shown in our conclusions of fact, was only one story, but it was insured, as is apparent from the evidence, as a whole; and, if the description is not strictly correct, the policy should not, on that account, be avoided, for it is the building in the minds of the parties when the contract of insurance was made and intended to be covered by it. Besides, the agent of appellant, who effected the insurance, was acquainted with the premises, could have made an accurate description from his knowledge of them, and the company cannot now, after receiving the premium with such knowledge, avoid their obligation by showing a misdescription of the property. Wood on Fire Ins. (2 ed.), sec. 153, and authorities therein cited.

The only other assignment of error insisted on, is, "The court erred in not sustaining appellant's motion for a new trial, in that the uncontradicted evidence showed that plaintiff, at the time of the fire and during the life of the policy, was not the sole and unconditional owner of the property insured." Our fourth conclusion of fact, which we think is fully sustained by the evidence, disposes of this assignment adversely to appellant, and renders discussion of it unnecessary.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.